UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY KINCAID QUARLES                                      PLAINTIFF

V.                          CIVIL ACTION NO. 3:25-CV-146-KHJ-MTP

JERRY TRAYLOR, et al.                                     DEFENDANTS

ORDER

Before the Court is the [4] Report and Recommendation of United States

Magistrate Judge Michael T. Parker. For the following reasons, the Court adopts

the [4] Report and dismisses this case without prejudice.

I.      Background

In February 2025, Plaintiff Betty Kincaid Quarles ("Quarles") filed her [1]

Complaint against Defendants Jerry Traylor and Mildred Spencer. [4] at 1; [1].

Although the [1] Complaint invoked diversity subject-matter jurisdiction under 28

U.S.C. § 1332, Quarles alleged that she is a resident of Mississippi, and "one of the

Defendant[]s reside[s] both . . . in the State of Mississippi and the State of Nevada."

[1] at 1. And later, Quarles "identified Defendant Mildred Spencer as having a

Mississippi address." [4] at 1; *see also* [1] at 5.

On March 3, 2025, the Court entered an [2] Order to Show Cause and

directed Quarles "to file a written response demonstrating why [her] case should not

be dismissed for lack of jurisdiction, or alternatively, to file an amended complaint

that provides a basis for federal jurisdiction." [4] at 1. Attempting both, Quarles

thereafter filed an [3] Amended Complaint, but it did not provide an adequate basis for diversity jurisdiction under Section 1332. *See* [3] at 1, 5; *see also* [4] at 2. She also responded to the [2] Order. Resp. [5]. Once again, it did not address the lack of diversity, and it instead focused on Quarles's claims and the alleged amount in controversy. *See id.* at 1–2.

Accordingly, the [4] Report recommends dismissing this case due to lack of subject-matter jurisdiction. [4] at 2. It explains that "[t]o properly allege diversity jurisdiction under [Section] 1332, the parties need to allege complete diversity. In other words, all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Id.* (cleaned up) (quoting *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019)). And "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Quarles objected to the [4] Report. Obj. [7].[1] She claims that because of an "extreme amount of strain and stress," she filed her [1] Complaint "in error," and she has since refiled it in the United States District Court for the District of Nevada. [7] at 1. She explains she has also filed a [9] Motion to Consolidate both actions. [7] at 2. So then, according to her, "the diversity issue should no longer

---

[1] On March 27, 2025, Quarles filed a [6] Motion to Amend her [3] Amended Complaint. In it, she seeks to add Allen Spencer as a Defendant. *See* [6]. She also seeks a preliminary injunction for emergency relief and an "immediate" show-cause hearing "for this . . . Court to [o]rder the Defendants to [refrain] from tampering with [her] property." *Id.* at 1–2. Because the [6] Motion does not address the parties' lack of complete diversity, the Court does not construe it as an objection to the [4] Report. Thus, the [6] Motion is denied as moot.

exist," and the "need to dismiss without prejudice her . . . [1] Complaint should have no relevance/moot because [she] has [filed] [h]er [1] Complaint in the State of Nevada." *Id.* The Court addresses and overrules the [7] Objection. It then addresses adopts the remainder of the [4] Report.

## II.    Standard

The Court reviews de novo the portions of the [4] Report to which Quarles objects. 28 U.S.C. § 636(b)(1). It reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Neither must the Court consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (cleaned up). And "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (cleaned up).

## III.    Analysis

Quarles has "failed to demonstrate that this Court has jurisdiction over her claims." [4] at 2. Admittedly, both she and at least one of the named Defendants are Mississippi residents. *See* [1] at 1, 5; [3] at 1, 5; *see also* Compl. [7-1] at 2–3 ("Defendant Mildred Spencer is an adult citizen who owns a home in Las Vegas, Nevada, where she frequents from time to time. Mrs. Spencer also owns a home in

Leake County, city of Carthage Mississippi[,] where she spends most of her time."). Therefore, the diversity issue is not cured, complete diversity does not exist, and this Court lacks jurisdiction over the claims alleged. *See MidCap*, 929 F.3d at 313; § 1332; Fed. R. Civ. P. 12(h)(3).

Consequently, this matter must be dismissed, as the [4] Report recommends. Quarles's [7] Objection is thus overruled.

The remainder of the [4] Report is not clearly erroneous or contrary to law. So the Court adopts the [4] Report in its entirety as the opinion of this Court.[2]

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court ADOPTS Magistrate Judge Michael T. Parker's [4] Report and Recommendation and DISMISSES this case without prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 3rd day of April, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[2] With the adoption of the [4] Report and the dismissal of this case, the Court denies as moot Quarles's [8] Motion for a Show Cause Hearing and [9] Motion to Consolidate.